

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **JOHN STANLEY,** | ) | **Docket No. 2019-05-0391** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BATESVILLE CASKET,** | ) | **State File No. 22719-2019** |
| **Employer,** | ) | |
| **and** | ) | |
| **FARMINGTON CASUALTY CO.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This case came before the Court on January 30, 2020, for an Expedited Hearing. The threshold issue is whether Mr. Stanley's claim is barred by the statute of limitations.[1] For the reasons below, the Court holds Mr. Stanley is unlikely to establish at a hearing on the merits that he timely filed his claim. Therefore, the Court holds that he is not entitled to benefits at this time.

## History of Claim

Mr. Stanley is a long-time employee at Batesville. On November 22, 2017, his right shoulder began hurting at work. Mr. Stanley did not realize he injured his shoulder but thought it was just sore. He continued trying to work through his discomfort and pain to the point that he could barely move his arm.

A few weeks later, Mr. Stanley took his mother to her orthopedic surgeon appointment. While there, the doctor examined Mr. Stanley's shoulder and said he probably had a torn rotator cuff.

---

[1] Other issues before the Court are notice and medical causation. Because of the Court's statute of limitations holding, it is unnecessary to address these issues at this time.

1

Mr. Stanley notified his supervisor of the injury around January 9, 2018. Batesville provided medical treatment at its on-site clinic on January 10 and 18 but later denied the claim.

Mr. Stanley sought treatment on his own, including rotator cuff repair surgery. His health insurance carrier denied payment on the grounds that his injury was work-related. Mr. Stanley stated that he is back at work and only wants his medical bills paid.

Among its other arguments, Batesville contended that the statute of limitations bars Mr. Stanley's claim. It asked the Court to deny his request.

### Findings of Fact and Conclusions of Law

Mr. Stanley must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Applying this standard to the facts of this case, the Court cannot find that Mr. Stanley is likely to prevail at a hearing on the merits of his claim.

Tennessee's workers' compensation law provides the following statute of limitations for initiating a claim:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

Tenn. Code Ann. § 50-6-203(b)(2). Further:

> The employer has the burden of proof to establish facts which the employer claims as a bar to the workers' compensation claim, such as the expiration of the statute of limitations. When, however, a defendant establishes an affirmative defense, the burden shifts to the plaintiff to demonstrate a recognized exception.

*Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008).

Mr. Stanley testified that Batesville never paid temporary disability benefits and

provided no medical treatment after January 18, 2018. He did not file his Petition for Benefit Determination until March 20, 2019, fourteen months later. Because he failed to file within one year of the last authorized treatment and failed to demonstrate a recognized exception, the Court must hold that Mr. Stanley is not likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Stanley's claim against Batesville Casket for the requested medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on April 21, 2020, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED February 4, 2020.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Affidavit of John Stanley
2. Records from Tennessee Orthopedic Alliance
3. Medical bills
4. October 24, 2019 note from Dr. Edward Glenn
5. Records from Linda Williams, APN, and Kelsey Purcell, PA
6. Collective medical records

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Prehearing Brief
5. Employer's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on February 4, 2020.

| Name | Certified Mail | Email | Service Sent To |
|------|---------------|-------|-----------------|
| John C. Stanley | | X | Calvinstanley909@gmail.com |
| Sarah Best, Employer's Attorney | | X | shbest@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*